IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Cora Denise Rogers Norris, | ) | Civil Action No. 8:14-cv-01070-JMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Carolyn W. Colvin, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for a Report and Recommendation pursuant 28

U.S.C. § 636(b)(1)(B) and to Local Civil Rule 73.02(B)(2)(a), D.S.C.[1]  Plaintiff brought this

action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final

decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's

claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").[2]

For the reasons set forth below, it is recommended that the decision of the Commissioner

be affirmed.

## PROCEDURAL HISTORY

On October 25, 2010, Plaintiff filed applications for DIB and SSI alleging disability

beginning July 28, 2003.   [R. 130–46.]  Plaintiff's claims were denied initially and upon

reconsideration by the Social Security Administration ("the Administration").  [R. 72–79.]

---

[1]A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by a magistrate judge.

[2] Section 1383(c)(3) provides, "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."  42 U.S.C. § 1383(c)(3).

Plaintiff requested a hearing before an administrative law judge ("ALJ") and on September 6, 2012, ALJ George J. Spidel conducted de novo hearings on Plaintiff's claims. [R. 41–67.]

Subsequent to these hearings, the ALJ issued a decision on December 17, 2012, finding Plaintiff not disabled under the Social Security Act ("the Act"). [R. 20–40.] At Step 1,[3] the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2008, and she had not engaged in substantial gainful activity since July 28, 2003, the alleged onset date. [R. 25, Findings 1 & 2.] At Step 2, the ALJ found Plaintiff had severe impairments of: chronic obstructive pulmonary disease, hypertension, anxiety, and depression. [R. 25, Finding 3.] The ALJ noted that Plaintiff had not been shown to have a chronic problem with alcoholism that caused any significant work-related functional limitations or any further seizures; and Plaintiff would not appear to have a medically determinable seizure disorder. [R. 25.]

At Step 3, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. 26, Finding 4.] Before addressing Step 4, Plaintiff's ability to perform her past relevant work, the ALJ found Plaintiff retained the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform entry-level, unskilled sedentary work, as defined in 20 CFR 404.1567(a) and 416.967(a), except for limitations for no close interaction with coworkers and no work with the general public,

---

[3]The five-step sequential analysis used to evaluate disability claims is discussed in the Applicable Law section, *infra*.

2

and the need for a climate controlled environment, free of industrial pollutants, dust, fumes, chemicals, and other pulmonary irritants.

[R. 28, Finding 5.]  Based on this RFC, at Step 4, the ALJ determined Plaintiff was unable to perform her past relevant work as a nursing assistant, waitress, or cashier.  [R. 32, Finding 6.]  Considering Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert; however, the ALJ determined that there are jobs that existed in significant numbers in the national economy that Plaintiff could perform.  [R. 33, Finding 10.]  Accordingly, the ALJ concluded Plaintiff has not been under a disability, as defined by the Act, from July 28, 2003, through the date of the decision.  [R. 34, Finding 11.]  Plaintiff requested Appeals Council review of the ALJ's decision, and the Council declined review.  [R. 1–7.]  Plaintiff filed this action for judicial review on March 21, 2014. [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends the Appeals Council improperly failed to consider new and material evidence submitted by her treating physician Dr. Brent Bridwell ("Dr. Bridwell") in violation of the treating physician rule and *Meyer v. Astrue*, 662 F.3d 700, 702 (4th Cir. 2011); and, accordingly, the ALJ's decision is not supported by substantial evidence.  [Doc. 19 at 9–16.]  Plaintiff also argued that the Appeals Council incorrectly determined that Dr. Bridwell's statement did not relate to the period prior to the ALJ's decision, and, therefore, Plaintiff is not required to prove that the evidence from Dr. Bridwell is new and material in order for the Court to remand the decision.  [Doc. 25.]

The Commissioner, on the other hand, contends substantial evidence supports the ALJ's findings, Plaintiff failed to establish Dr. Bridwell's statement was both "new" and

3

"material," and Dr. Bridwell's opinion does not undermine the substantial evidence supporting the ALJ's decision.   [Doc. 24 at 9–15.]

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963)) ("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court.  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the

Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *See Bird v. Comm'r*, 699 F.3d 337, 340 (4th Cir. 2012); *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'" *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See,*

5

*e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled).    Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation. *See Radford v. Comm'r*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985);*see also Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence).    On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.    *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand.").    After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction.    *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[4] With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *Melkonyan*, 501 U.S. at 98. The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an

---

[4]Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g.*, *Brooks v. Astrue*, No. 6:10-cv-152, 2010 WL 5478648, at *8 (D.S.C. Nov. 23, 2010); *Ashton v. Astrue*, No. TMD 09-1107, 2010 WL 3199345, at *3 (D. Md. Aug. 12, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992). Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990). Accordingly, the Court will apply the more stringent *Borders* inquiry.

7

order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability.  42 U.S.C. § 423(a).  "Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.    The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims).  The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment.  20 C.F.R. §§ 404.1520, 416.920. Through the fourth step, the burden of production and proof is on the claimant.  *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).  The claimant must prove disability on or

8

before the last day of her insured status to receive disability benefits. *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969). If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. *Grant*, 699 F.2d at 191. If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.    *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. §§ 404.1572(a), 416.972(a)—and gainful—done for pay or profit, whether or not a profit is realized, *id.* §§ 404.1572(b), 416.972(b). If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity. *Id.* §§ 404.1574–.1575, 416.974–.975.

### B.    *Severe Impairment*

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *See id.* §§ 404.1521, 416.921. When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments. 42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G). The ALJ must evaluate a disability claimant as a whole person and not in the abstract, having several hypothetical and isolated illnesses. *Walker v. Bowen*, 889

9

F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them").  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  *Id.* at 50 ("As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.").  If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process."  42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).

### C. *Meets or Equals an Impairment Listed in the Listings of Impairments*

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. §§ 404.1509 or 416.909, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience.[5]  20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii), (d).

### D. *Past Relevant Work*

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant."  *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995).  At this step of the evaluation, the ALJ compares the

---

[5]The Listing of Impairments is applicable to SSI claims pursuant to 20 C.F.R. §§ 416.911, 416.925.

claimant's residual functional capacity[6] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work.  20 C.F.R. §§ 404.1560(b), 416.960(b).

### E.    *Other Work*

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *See* 20 C.F.R. §§ 404.1520(f)–(g), 416.920(f)–(g); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).  To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "grids").  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant nonexertional factors.[7]  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving exertional limitations).  When a claimant suffers from both exertional and nonexertional limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931.  In such a case, the Commissioner must use a vocational expert to establish the claimant's ability to

---

[6]Residual functional capacity is "the most [a claimant] can still do despite [his] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[7]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs. 20 C.F.R. §§ 404.1569a(a), 416.969a(a).  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.*  Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  20 C.F.R. §§ 404.1569a(c)(1), 416.969a(c)(1).

perform other work.  20 C.F.R. §§ 404.1569a, 416.969a; *see Walker*, 889 F.2d at 49–50 ("Because we have found that the grids cannot be relied upon to show conclusively that claimant is not disabled, when the case is remanded it will be incumbent upon the [Commissioner] to prove by expert vocational testimony that despite the combination of exertional and nonexertional impairments, the claimant retains the ability to perform specific jobs which exist in the national economy.").  The purpose of using a vocational expert is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform."  *Walker*, 889 F.2d at 50.  For the vocational expert's testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments."  *Id.* (citations omitted).

## II.     Developing the Record

The ALJ has a duty to fully and fairly develop the record.  *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).  The ALJ is required to inquire fully into each relevant issue.  *Snyder*, 307 F.2d at 520.  The performance of this duty is particularly important when a claimant appears without counsel.  *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980).  In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited."  *Id.* (internal quotations and citations omitted).

### III.    Treating Physicians

If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).  The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, i.e., when the treating physician's opinion does not warrant controlling weight, *Craig*, 76 F.3d at 590, but the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion, 20 C.F.R. §§ 404.1527©, 416.927©.  Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  *See Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (stating that treating physician's opinion must be accorded great weight because

"it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).   An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways.  *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986).   Further, the ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.   20 C.F.R. §§ 404.1527(d), 416.927(d).  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  *Id.*

## IV.   Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. §§ 404.1517, 416.917; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986).   The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability.  20 C.F.R. §§ 404.1517, 416.917.   Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary.  *Id.*

## V.   Pain

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing

14

the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished opinion).  First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'" *Id.* (quoting *Craig*, 76 F.3d at 594).  Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain." *Id.* (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the "pain rule" applicable within the United States Court of Appeals for the Fourth Circuit, it is well established that "subjective complaints of pain and physical discomfort could give rise to a finding of total disability, even when those complaints [a]re not supported fully by objective observable signs." *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987) (citing *Hicks v. Heckler*, 756 F.2d 1022, 1023 (4th Cir. 1985)).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. §§ 404.1528, 416.928.  Indeed, the Fourth Circuit has rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges

15

within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling

condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990).  The Commissioner

thereafter issued the following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth
> Circuit (North Carolina, South Carolina, Maryland, Virginia and
> West Virginia), Social Security Ruling (SSR) 88-13, Titles II
> and XVI: Evaluation of Pain and Other Symptoms:
>
> ...
>
> **FOURTH CIRCUIT STANDARD:** Once an underlying
> physical or [m]ental impairment that could reasonably be
> expected to cause pain is shown by medically acceptable
> objective evidence, such as clinical or laboratory diagnostic
> techniques, the adjudicator must evaluate the disabling effects
> of a disability claimant's pain, even though its intensity or
> severity is shown only by subjective evidence.  If an underlying
> impairment capable of causing pain is shown, subjective
> evidence of the pain, its intensity or degree can, by itself,
> support a finding of disability.  Objective medical evidence of
> pain, its intensity or degree (i.e., manifestations of the
> functional effects of pain such as deteriorating nerve or muscle
> tissue, muscle spasm, or sensory or motor disruption), if
> available, should be obtained and considered.  Because pain
> is not readily susceptible of objective proof, however, the
> absence of objective medical evidence of the intensity,
> severity, degree or functional effect of pain is not
> determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990).  SSR 90-1p has since been

superseded by SSR 96-7p, which is consistent with SSR 90-1p.  *See* SSR 96-7p, 61 Fed.

Reg. 34,483-01 (July 2, 1996).  SSR 96-7p provides, "If an individual's statements about

pain or other symptoms are not substantiated by the objective medical evidence, the

adjudicator must consider all of the evidence in the case record, including any statements

by the individual and other persons concerning the individual's symptoms."  *Id.* at 34,485;

*see also* 20 C.F.R. §§ 404.1529(c)(1)–(c)(2), 416.929(c)(1)–(c)(2) (outlining evaluation of pain).

## VI.    Credibility

The ALJ must make a credibility determination based upon all the evidence in the record.  Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria. *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor.  But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

### APPLICATION AND ANALYSIS

**Appeals Council Consideration of New Evidence**

Plaintiff argues the Appeals Council improperly declined to consider new and material evidence submitted from Dr. Bridwell which relates to the period on or before the date of the ALJ's decision.  [Doc. 19 at 9–11.]  Plaintiff contends the Appeals Council failed to acknowledge that while Dr. Bridwell's assessment was dated June 24, 2013, the opinions related back to November 25, 2009 and, thus, the regulations mandated that the Appeals Council consider the evidence.  [*Id.* at 11–12.]  Plaintiff further contends that "Dr.

Bridwell's pain assessment is the only record evidence as to his opinion as [Plaintiff's] treating physician." [*Id*. at 13.] Therefore, in accordance with *Meyer*, Plaintiff asserts review was required because the opinion is not controverted by other evidence of record. [*Id*. at 14.] The Court disagrees.

The law is clear that if a claimant is dissatisfied with an ALJ's decision regarding her entitlement to disability benefits, the claimant may request that the Appeals Council review the ALJ's decision. *Meyer*, 662 F.3d at 704 (citing 20 C.F.R. § 404.967). The Appeals Council will grant the request for review if there is an apparent abuse of discretion by the ALJ; there is an error of law; the ALJ's action, findings, or conclusions were not supported by substantial evidence; or the case concerns a broad policy or procedural issue that may affect the general public interest. 20 C.F.R. §§ 404.970, 416.1470. "The regulations also specifically permit claimants to submit additional evidence not before the ALJ when requesting review by the Appeals Council." *Meyer*, 662 F.3d at 705. "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). "Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome.'" *Meyer*, 662 F.3d at 705 (quoting *Wilkins v. Sec'y, Dep't of Health & Human Servs*., 953 F.2d 93, 96 (4th Cir. 1991)). If the new and material evidence relates to the period on or before the date of the ALJ's hearing decision, the Appeals Council should evaluate it as part of the entire record. 20 C.F.R. §§ 404.970(b), 416.1470(b).

The Fourth Circuit Court of Appeals suggested that evidence created after the ALJ's decision may be considered as new and material evidence and given retrospective consideration under certain circumstances. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340–41 (4th Cir. 2012). However, retrospective consideration should not be given to the new evidence where there is no support for the existence of impairments or the severity alleged prior to the date of the ALJ's decision. *Id.* at 341 (citing *Johnson v. Barnhart*, 434 F.3d 650, 655–56 (4th Cir. 2005)).

In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, a court must "'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.'" *Meyer*, 662 F.3d at 704 (alterations in original) *(*quoting *Wilkins*, 953 F.2d at 96). There is no automatic remand for unreviewed material evidence; however, if the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. *Meyer*, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the Court could not determine whether substantial evidence supported the ALJ's denial of benefits). The *Meyer* Court recognized, however, that in some cases the record would clearly show that, even in light of the additional evidence, the ALJ's decision was supported by substantial evidence. *See id.* (discussing *Smith v. Chater*, 99 F.3d 635, 638–39 (4th Cir. 1996)).

### New Evidence Submitted

The Appeals Council received the following additional evidence that was made a part of the record:

| | |
|---|---|
| Exhibit 27E[8] | Letter in support of Appeals Council Review dated August 2, 2013 |
| Exhibit 28E | Letter from Claimant in support of Appeals Council Review. |

[R. 6.]   Upon considering the additional evidence, the Appeals Council concluded that it found no reason under the rules to review the ALJ's decision, thus, the ALJ's decision is the final decision of the Commissioner.  [R. 1.]   The Appeals Council explained the ALJ decided Plaintiff's case through December 17, 2012, and that the new information is about a later time and does not affect the decision about whether Plaintiff was disabled beginning on or before December 17, 2012.  [R. 2.]

Plaintiff provided Dr. Bridwell's June 24, 2013, opinions as an attachment to her Plaintiff's brief. [Doc. 19-1 at 7–12.] Dr. Bridwell provided a statement regarding Plaintiff's ability to perform sedentary work and opined that Plaintiff was incapable of performing full-time work at the sedentary level; her restrictions have persisted since at least November 25, 2009; and her restrictions are probably permanent. [*Id.* at 8.] Dr. Bridwell stated that his findings were based on Plaintiff's back and neck pain, January and March 2013 x-rays,

---

[8]Exhibit 27E indicates that there are two attachments in support of Plaintiff's claim to the Appeals Council: (1) Response to Interrogatories dated June 24, 2013, and (2) Clinical Assessment of Pain dated June 24, 2013. [R. 264.] The Court was unable to locate these exhibits in the record although they are indicated to be attached to this exhibit, and there is no discussion from the Appeals Council as to whether these exhibits were intentionally excluded from the record.  The Court notes that Plaintiff attached the exhibits to her Plaintiff's brief. [*See* Doc. 19-1 at 7–12.]

and her medications. [*Id.*] Dr. Bridwell's statement, however, does not indicate to the Court which restrictions he found precluded Plaintiff from sedentary work.

In a Clinical Assessment of Pain, Dr. Bridwell opined that Plaintiff's pain was present to such an extent as to be distracting to adequate performance of daily activities of work and that her pain will greatly increase to the point of distraction or abandonment of work with physical activity such as walking, standing, bending, stooping, or moving her extremities. [*Id.* at 10.] Dr. Bridwell also noted that Plaintiff's medications would cause some side effects that will be only mildly troublesome. [*Id.*] Dr. Bridwell stated that, although the level of pain may be less intense or less frequent in the future, it would remain a significant element in Plaintiff's life; and treatments for pain—including biofeedback, nerve stimulation, and injections—have been used successfully in similar cases. [*Id.* at 11.] Dr. Bridwell estimated that Plaintiff's pain was moderate in the neck/shoulders, right and left upper extremities, back and hips, and that her pain was mild in the right and left lower extremities. [*Id.*] Dr. Bridwell further opined that pain would not interfere with Plaintiff's ability to maintain concentration throughout an 8-hour work day. [*Id.*] He posited that pain would interfere with Plaintiff's ability to stay on task for two consecutive hours without taking an unscheduled break and would require her to exceed the number of usual breaks during an 8-hour work day; however, it would not interfere with her completion of an 8-hour work day. [*Id.*] He estimated Plaintiff would miss about two days each month from work and that, during a normal work day, she would need to rest in a reclining chair about two times for about 15 minutes. [*Id.* at 12.]

*Discussion*

While Dr. Bridwell opined that Plaintiff has limitations, presumably pain limitations, which would impair her ability to perform sedentary work, the alleged limitations are not supported by Dr. Bridwell's own treatment notes or the longitudinal record prior to the ALJ's decision. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (holding that sufficient evidence justified an ALJ's rejection of the treating physician's conclusory opinion and "his finding that the record contains persuasive contradictory evidence (including [the treating physician's] own notes)"); *see also Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) (stating that forms requiring a physician to only check boxes or fill in blanks are weak evidence at best, and that when such forms are unaccompanied by thorough written reports their reliability is suspect). Prior to his June 2013 opinions, treatment notes from Dr. Bridwell dated between July 21, 2011, and April 12, 2012, consistently indicate that Plaintiff was well developed, well nourished, and in no acute distress [R. 726, 729]; was alert and cooperative, with normal mood, affect, attention span, and concentration [R. 733]; had no deformity or scoliosis noted in the thoracic or lumbar spine; had no clubbing, cyanosis, edema, or deformity with full range of motion in all joints; had normal sensation, reflexes, coordination, and muscle strength and tone; and had normal attention span and cooperation [R. 859].

Aside from Dr. Bridwell's treatment notes, Plaintiff was seen at AnMed Family Medicine on April 8, 2011, by Dr. Dorothy J. Todt ("Dr. Todt") who noted that Plaintiff exhibited no clubbing, cyanosis, edema, or deformity in her extremities and had full range of motion of all joints. [R. 761.] Dr. Todt also noted that Plaintiff's labs and exam were not consistent with her story of pain (right lower abdominal pain) and that mood/situational

22

anxiety may be playing a role with her pain.  [*Id*.]  Treatment notes from AnMed Health

emergency department dated July through November 2011 document Plaintiff's symptoms

as:

> \*      positive for depression, but negative for arthralgias, back pain, myalgias, and neck pain [R. 980];

> \*      negative for musculoskeletal pain [R. 982];

> \*      negative for joint pain and leg swelling, no musculoskeletal pain, full range of motion in her back, and no abnormalities in her extremities [R. 986–87];

> \*      negative for joint pain and swelling, no musculoskeletal pain, and back and joints are nontender [R. 992–93];

> \*      negative for back and neck pain, and joints are without deformity [R. 996–97];

> \*      negative for joint pain and leg swelling, no musculoskeletal pain, full range of motion in the back and her back is nontender [R. 1004–06]; and

> \*      positive for back pain, negative for neck pain with full ROM in the neck, and nontender joints [R. 1012–13].

Considering the record evidence, the Court fails to appreciate any limitations that

would preclude Plaintiff from performing sedentary work; and Plaintiff fails to provide

evidence of any such limitations.  *See* 42 U.S.C. § 423(d)(5) (The plaintiff bears the burden

of establishing his inability to work within the meaning of the Act.).  Ultimately, Dr. Bridwell

opined that Plaintiff could work a normal work day if allowed to recline in a chair twice a

day for about 15 minutes. [*Id*. at 12.]  Unfortunately, Plaintiff neither provided support for

this alleged limitation, nor explained how it would preclude work in accordance with RFC.

In any instance, the Court does not read Dr. Bridwell's opinion, even if supported by

medical evidence, as precluding all sedentary work.[9]  Since Plaintiff has the burden to prove that the new evidence was (1) new, (2) material, and (3) relates to the period on or before the date of the ALJ's decision, *Wilkins,* 953 F.2d at 95–96, the Court finds Plaintiff failed to meet her burden.  Accordingly, the ALJ's decision is supported by substantial evidence.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends the Commissioner's decision be AFFIRMED.

**IT IS SO RECOMMENDED**.

S/Jacquelyn D. Austin
United States Magistrate Judge

May 6, 2015
Greenville, South Carolina

---

[9]Further, based on the evidence before the ALJ, the ALJ found that Plaintiff has not been shown to have a medically determinable impairment of her back that would reasonably be expected to cause her alleged symptoms.  [R. 30.]  The ALJ also concluded that Plaintiff has not had an impairment of a physical nature which would have precluded her from performing jobs within the assessed RFC since the alleged onset date.  [R. 31.]  Plaintiff did not raise any allegation of error with respect to these findings and any challenge to these findings is now waived.  *See United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("[A] party . . . waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues.").