# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Cora Denise Rogers Norris, ) | |
| ) | Civil Action No. 8:14-cv-01070-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Cora Denise Rogers Norris ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 27.)

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplementary Security Income ("SSI"). (*Id.* at 24.) Plaintiff timely objected to the Magistrate Judge's recommendation. (ECF No. 29.) For the reasons set forth below, the court **REJECTS** the Magistrate Judge's Report (ECF No. 27), **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI, and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision pursuant to sentence four (4) of 42 U.S.C. § 405(g).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her application for DIB and SSI on October 25, 2010 alleging disability

1

since July 28, 2003. (ECF No. 14-5.) The Social Security Administration denied Plaintiff's claims initially and on reconsideration. (ECF No. 14-3.)

Plaintiff's request for a hearing before an administrative law judge ("ALJ") was granted, and the ALJ issued a decision on December 17, 2012 denying Plaintiff's DIB and SSI claims.[1] (ECF No. 14-2.) In accordance with 20 §§ C.F.R. 404.970(b), 416.1470(b), Plaintiff submitted new evidence from Brent Bridwell, M.D. in support of her disability claim to the Appeals Council, (ECF 19-1). The Appeals Council denied review, stating:

> "We considered the reasons you disagree with the [ALJ] decision. . . . We found that this information does not provide a basis for changing the Administrative Law Judge's decision. We also looked at medical reports dated June 24, 2013 from Brent Bridwell, MD (6 pages). . . . This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 17, 2012."

(ECF No. 14-2.)

Plaintiff filed this action for judicial review on March 21, 2014. This matter is before the court for review of the Magistrate Judge's Report filed on May 6, 2015. (ECF No. 27.) Plaintiff timely filed an Objection to the Report, (ECF No. 29), and Defendant timely replied to that Objection (ECF No. 30).

## II. LEGAL STANDARD

A. *Magistrate Judge's Report*

The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions

---

[1] A thorough recitation of other relevant factual background in this matter is discussed in the Report. (*See* ECF No. 27 at 2–3.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference.

not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

   B. *Appeals Council and New Evidence*

20 C.F.R. § 404.970(b) of the Social Security Act's administrative scheme governs the circumstances under which the Appeals Council is to review an ALJ's decision. The provision provides: "The Appeals Council *shall* evaluate the entire record including . . . *new and material evidence* submitted *if it relates to the period on or before the date of the administrative law judge hearing decision*." § 404.970(b) (emphasis added); *see also* 20 C.F.R. § 404.973 ("The Appeals Council *will consider* all the evidence in the administrative law judge hearing record as well as any *new and material evidence* submitted to it which relates to the period on or before the date of the administrative law judge hearing decision.") (emphasis added). Considering these regulations, the Court of Appeals for the Fourth Circuit has made clear: "We agree with the Courts of Appeals for the Fifth, Eighth, and Ninth Circuits that the regulation sets forth a mandatory rule that the Appeals Council must consider new and material evidence relating to the period prior to the ALJ decision in determining whether to grant review, even though it may ultimately decline review." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991) (citing case law from sister circuits). "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Id.* at 95–96 (citation omitted).

As a part of this mandate for the Appeals Council, district courts of the Fourth Circuit consistently have held that relevant evidence dated *after* the ALJ hearing decision can "relate[] to the period on or before the date of the administrative law judge hearing decision" under § 404.970(b). *See, e.g.*, *Nance v. Astrue*, No. 7:10-CV-218-FL, 2011 WL 4899754, at *7 (E.D.N.C. Sept. 20, 2011) *report and recommendation adopted*, No. 7:10-CV-218-FL, 2011 WL 4888868 (E.D.N.C. Oct. 13, 2011) (remanding the case to the ALJ after finding "relevant" a

4

medical report of the claimant's medical condition that was dated close to six months after the ALJ's decision); *Venters v. Astrue,* No. CIV.A. TMD 08-1736, 2010 WL 481246, at *3 (D. Md. Feb. 4, 2010) (remanding the case to the ALJ and stating: "Although prepared after the ALJ's decision, Dr. Mathur's report pertains to Claimant's pre-decision period."). As for the other two requirements under § 404.970(b), "[e]vidence . . . is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (citing *Wilkins,* 953 F.2d at 96).

### III. MAGISTRATE REPORT AND PLAINTIFF'S OBJECTION

In Plaintiff's Objection supporting its position that this court must remand for further consideration, she argues, among other issues, that the Magistrate Judge erroneously concluded that Plaintiff bore the burden of proving to this court that Dr. Bridwell's medical report—that is, the evidence first presented to the Appeals Council—was new and material in accordance with 20 C.F.R. § 404.970 (b). (ECF No. 29 at 4–5.) Plaintiff explains that the Appeals Council, itself, did not reach a determination of whether the [medical report] was "new" or "material" because it "improperly failed to consider the assessment [by Dr. Bridwell] at all based upon the incorrect presumption that the assessment did not apply to the relevant period prior to the ALJ determination." (*Id.*)

The Magistrate Judge, while noting Plaintiff's originally briefed argument in this regard, (ECF No. 27 at 3, 17–18), never explicitly addressed the question of whether Dr. Bridwell's medical opinion relates back to the relevant time period prior to the ALJ's decision. The Magistrate Judge explained that under *Meyer v. Astrue*, 662 F.3d 700, 704–05 (4th Cir. 2011), there are "some cases [in which] the record would clearly show that even in light of additional evidence, the ALJ's decision was supported by substantial evidence." (ECF No. 27 at 19.)

5

Presumably in line with this reasoning, she evaluated Dr. Bridwell's medical report concerning Plaintiff's claims as part of the record. (*Id.* at 22–24.) She ultimately concluded that the ALJ's decision was supported by substantial evidence and that the Commissioner's decision should therefore be affirmed. (*Id.* at 24.)

In her evaluation of Dr. Bridwell's medical report, (*Id.* at 22–24), the Magistrate Judge did not make explicitly clear whether the medical report was not "new" or "material" such that the Appeals Council did not need to consider it. Citing *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991), the Magistrate Judge nevertheless concluded that Plaintiff had the burden of proving that the evidence was new, material, and related to the period on or before the date of the ALJ's decision. (ECF No. 27 at 24.) She went on to conclude that because Plaintiff had failed to meet that burden, the ALJ's decision was supported by substantial evidence. (*Id.*)

## IV. ANALYSIS

This court begins its analysis with the relevant Social Security regulations: "The Appeals Council shall evaluate the entire record including . . . new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision." § 404.970(b); *see Wilkins*, F.2d 93 at 95–96 ("The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.").

In this case, the only discernible consideration for the Appeals Council regarding Dr. Bridwell's report was whether it related to the period on or before the ALJ decision. (*See* ECF No. 14-2.) Specifically, the Appeals Council limited its explanation as to why Dr. Bridwell's

report did not relate to Plaintiff's relevant disability period to the fact that the medical report was dated after the ALJ decision. *Id.*

But courts consistently have suggested that the date of the new evidence presented before the Appeals Council is not dispositive of whether the Appeals Council should consider it. *See, e.g.*, *Nance v. Astrue*, No. 7:10-CV-218-FL, 2011 WL 4899754, at *7 (E.D.N.C. Sept. 20, 2011) *report and recommendation adopted*, No. 7:10-CV-218-FL, 2011 WL 4888868 (E.D.N.C. Oct. 13, 2011) (remanding the case to the ALJ after finding "relevant" a medical report dated close to six months after the ALJ's decision); *Venters v. Astrue,* No. CIV.A. TMD 08-1736, 2010 WL 481246, at *3 (D. Md. Feb. 4, 2010) (remanding the case to the ALJ and stating: "Although prepared after the ALJ's decision, Dr. Mathur's report pertains to Claimant's pre-decision period."); *see also, e.g.*, *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990) ("The timing of the examination [to be presented as evidence before the Appeals Council] is not dispositive . . . . If it were, all evidence obtained after the date of an ALJ decision would fail to meet the new and material standard. . . . In this case Dr. Wheatt's report states that '[t]his patient has suffered from chronic mental illness since her early adult hood [sic].' Although this statement does not identify the date Ms. Williams' disability began, it does provide a sufficient basis to conclude that Dr. Wheatt's report relates to the period on or before the date of the ALJ's decision . . . ."). These courts' rulings contrast with Defendant's contention, in response to Plaintiff's Objection, that "because Dr. Bridwell's opinion was rendered well after the relevant period of Plaintiff's claim, it was not appropriate for Appeals Council consideration." (ECF No. 30 at 3, n.2.)

In this case, Dr. Bridwell's report, while dated June 24, 2013, indicates that it relates back to November 25, 2009, three years prior to the ALJ's decision. (*See* ECF 19-1.) To the extent that the Appeals Council's sole justification for not considering Dr. Bridwell's report was the

7

fact that it was dated after the ALJ decision, the Council did not comply with its mandate under 20 C.F.R. § 404.970(b).  Again, this court cannot discern any other rationale the Appeals Council had for denying consideration of the evidence.  And as Plaintiff righty suggests, (*See* ECF No. 29 at 5),  because the Appeals Council's decision ostensibly is limited to an explanation regarding the date of the evidence, it also is not clear whether the Appeals Council ever considered the "new" or "material" factors of Dr. Bridwell's testimony, as the Appeals Council is required to under § 404.970(b).[2]  *See Wilkins*, F.2d 93 at 95–96.

The Magistrate Judge, herself, concluded: "If the new and material evidence relates to the period on or before the date of the ALJ's hearing decision, the Appeals council should evaluate it as part of the entire record."  (ECF No. 27 at 18 (citing §§ 404.970(b), 416.1470(b)).)  The Report nonetheless devotes no discussion as to whether the evidence related to the period on or before the date of the ALJ's hearing decision, nor, consequently, any discussion as to whether the Appeals Council complied with its regulatory mandate to determine whether the evidence was new, material, and related to the period on or before the date of the ALJ's decision such that it should be considered.

---

[2] This courts notes that Fourth Circuit district courts have not been uniform in determining whether, under Fourth Circuit precedent, remand is in order when the Appeals Council does not give detailed reasons for why additional evidence does not warrant a change in the ALJ's decision.  *See O'Connor v. Comm'r of Soc. Sec.*, 794 F. Supp. 2d 667, 670 (N.D.W. Va. 2011) (discussing this inconsistent application across several Fourth Circuit district courts).  However, as compared to other district courts, the District Court of South Carolina generally requires remand in such instances.  *See id.* (comparing the case law of the District of South Carolina with the District of Maryland, the Eastern District of North Carolina, and the Eastern District of Virginia and concluding: "The decisions of District of South Carolina clearly require a remand.").  The comparative regularity with which this court remands when the Appeals Council provides insufficient explanations regarding additional evidence further underscores this court's decision to remand in the instant case.

Without reaching Plaintiff's other specific objections,[3] this court accordingly finds it appropriate to remand to the ALJ for further consideration of Plaintiff's later medical report—as other district courts of the Fourth Circuit have—because it is not evident that the Appeals Council appropriately determined whether Dr. Bridell's medical opinion was 1) new, 2) material, *and* 3) related to the period on or before the date of the ALJ's hearing decision, as it is required. *See, e.g.*, *Nance v. Astrue*, No. 7:10-CV-218-FL, 2011 WL 4899754, at *7 (E.D.N.C. Sept. 20, 2011) *report and recommendation adopted*, No. 7:10-CV-218-FL, 2011 WL 4888868 (E.D.N.C. Oct. 13, 2011) (remanding); *Venters v. Astrue,* No. CIV.A. TMD 08-1736, 2010 WL 481246, at *3 (D. Md. Feb. 4, 2010) (remanding).  Based on this fact, it would be erroneous for this court to affirm the Commissioner based on the Report's conclusion that Plaintiff "failed to meet her burden" as to these three requirements.  (*See* ECF No. 24 at 27.)

While the Commissioner may ultimately find that the consideration of Dr. Bridell's report will not result in granting Plaintiff benefits, this court nevertheless decides not to make that decision now.  *See Venter*, 2010 WL 481246, at *3 ("[T]he Commissioner argues that even considering the report, the denial of benefits was supported by the evidence. This may be so but that is not this Court's decision to make.").   In light of the Appeal Council's apparent contravention of the Social Security Administration's regulations and the reviewing court's

---

[3] Plaintiff specifically contends that the Magistrate Judge improperly considered her role as the reviewing court under *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011) ("The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding."). (*See* ECF No. 29 at 5–6.)  Because this court remands on other grounds, it is unnecessary to address an objection on this ground at this time. This court similarly declines to reach Plaintiff's specific objection that the Magistrate Report inappropriately functioned as a "post-hoc fact finder" in her weighing of Dr. Bridwell's testimony, (*See* ECF No. 29 at 7–9), as such discussion is to no avail based on the court's reasoning herein.

obligation to affirm decisions supported by substantial evidence, *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972), this court remands for the Commissioner's further consideration of Plaintiff's subsequently submitted medical evidence.

## V. CONCLUSION

For the reasons set forth herein, the court **REJECTS** the Magistrate Judge's Report (ECF No. 27), **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI, and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision pursuant to sentence four (4) of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 29, 2015
Columbia, South Carolina