# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Cora Denise Rogers Norris, ) | |
| ) | Civil Action No. 8:14-cv-01070-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Cora Denise Rogers Norris ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g) (2012). The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 27 at 24.) The court entered an Order rejecting the Magistrate Judge's Report (ECF No. 27), reversing the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI, and remanding the case to the Commissioner for further proceedings consistent with its decision pursuant to sentence four (4) of 42 U.S.C. § 405(g). (ECF No. 32.) The matter is now before the court upon Defendant's Motion to Alter Judgment. (ECF No. 34.)

For the reasons explained below, this court **DENIES** Defendant's Motion to Alter Judgment. (ECF No. 34.)

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff filed her application for DIB and SSI on October 25, 2010, alleging disability since July 28, 2003. (ECF No. 14-5.) The Social Security Administration denied Plaintiff's

1

claims initially and on reconsideration. (ECF No. 14-3.)

Plaintiff's request for a hearing before an administrative law judge ("ALJ") was granted, and the ALJ issued a decision on December 17, 2012, denying Plaintiff's DIB and SSI claims.[1] (ECF No. 14-2.) In accordance with 20 §§ C.F.R. 404.970(b), 416.1470(b) (2015), Plaintiff submitted additional evidence from Brent Bridwell, M.D., (ECF No. 19-1), in support of her disability claim to the Appeals Council. The Appeals Council denied review of the ALJ's decision, stating:

> We considered the reasons you disagree with the [ALJ] decision. . . . We found that this information does not provide a basis for changing the Administrative Law Judge's decision. We also looked at medical reports dated June 24, 2013 from Brent Bridwell, MD (6 pages). . . . This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 17, 2012.

(ECF No. 14-2.)

## II. ANALYSIS

*A. Legal Standard*

20 C.F.R. § 404.970(b) (2015) of the Social Security Act's administrative scheme governs the circumstances under which the Appeals Council is to review an ALJ's decision. The provision provides: "The Appeals Council shall evaluate the entire record including . . . new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision." § 404.970(b); *see also* 20 C.F.R. § 404.976 (2015) ("The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of

---

[1] The Magistrate Judge's Report provides a thorough recitation of other relevant factual background in this matter. (*See* ECF No. 27 at 2–3.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference.

the administrative law judge hearing decision.") (emphasis added). Considering these regulations, the Court of Appeals for the Fourth Circuit has stated: "[T]he regulation sets forth a mandatory rule that the Appeals Council must consider new and material evidence relating to the period prior to the ALJ decision in determining whether to grant review, even though it may ultimately decline review." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991) (citing case law from sister circuits). "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Id.* at 95–96 (citation omitted).

B. *The Court's Order*

In its original Order remanding this case, this court explained:

[T]he only discernible consideration for the Appeals Council regarding Dr. Bridwell's report was whether it related to the period on or before the ALJ decision. (*See* ECF No. 14-2.) Specifically, the Appeals Council limited its explanation as to why Dr. Bridwell's report did not relate to Plaintiff's relevant disability period to the fact that the medical report was dated after the ALJ decision. *Id.*

But courts consistently have suggested that the date of the new evidence presented before the Appeals Council is not dispositive of whether the Appeals Council should consider it. *See, e.g.*, *Nance v. Astrue*, No. 7:10-CV-218-FL, 2011 WL 4899754, at *7 (E.D.N.C. Sept. 20, 2011) *report and recommendation adopted*, No. 7:10-CV-218-FL, 2011 WL 4888868 (E.D.N.C. Oct. 13, 2011) (remanding the case to the ALJ after finding "relevant" a medical report dated close to six months after the ALJ's decision); *Venters v. Astrue,* No. CIV.A. TMD 08-1736, 2010 WL 481246, at *3 (D. Md. Feb. 4, 2010) (remanding the case to the ALJ and stating: "Although prepared after the ALJ's decision, Dr. Mathur's report pertains to Claimant's pre-decision period."); *see also, e.g.*, *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990) ("The timing of the examination [to be presented as evidence before the Appeals Council] is not dispositive . . . . If it were, all evidence obtained after the date of an ALJ decision would fail to meet the new and material standard. . . . In this case Dr. Wheatt's report states that '[t]his patient has suffered from chronic mental illness since her early adult hood [sic].' Although this statement does not identify the date Ms. Williams' disability began, it does provide a sufficient basis to conclude that Dr. Wheatt's report

3

> relates to the period on or before the date of the ALJ's decision . . . ."). These courts' rulings contrast with Defendant's contention, in response to Plaintiff's Objection, that "because Dr. Bridwell's opinion was rendered well after the relevant period of Plaintiff's claim, it was not appropriate for Appeals Council consideration." (ECF No. 30 at 3, n.2.)
>
> In this case, Dr. Bridwell's report, while dated June 24, 2013, indicates that it relates back to November 25, 2009, three years prior to the ALJ's decision. (*See* ECF 19-1.) To the extent that the Appeals Council's sole justification for not considering Dr. Bridwell's report was the fact that it was dated after the ALJ decision, the Council did not comply with its mandate under 20 C.F.R. § 404.970(b). Again, this court cannot discern any other rationale the Appeals Council had for denying consideration of the evidence. And as Plaintiff . . . suggests, (*See* ECF No. 29 at 5), because the Appeals Council's decision ostensibly is limited to an explanation regarding the date of the evidence, it also is not clear whether the Appeals Council ever considered the "new" or "material" factors of Dr. Bridwell's testimony, as the Appeals Council is required to under § 404.970(b). *See Wilkins*, F.2d 93 at 95–96.
>
> [T]his court accordingly finds it appropriate to remand to the ALJ for further consideration of Plaintiff's later medical report—as other district courts of the Fourth Circuit have—because it is not evident that the Appeals Council appropriately determined whether [the] medical opinion was 1) new, 2) material, *and* 3) related to the period on or before the date of the ALJ's hearing decision, as it is required. *See, e.g.*, *Nance v. Astrue*, No. 7:10-CV-218-FL, 2011 WL 4899754, at *7 (E.D.N.C. Sept. 20, 2011) *report and recommendation adopted*, No. 7:10-CV-218-FL, 2011 WL 4888868 (E.D.N.C. Oct. 13, 2011) (remanding); *Venters v. Astrue,* No. CIV.A. TMD 08-1736, 2010 WL 481246, at *3 (D. Md. Feb. 4, 2010) (remanding). Based on this fact, it would be erroneous for this court to affirm the Commissioner based on the Report's conclusion that Plaintiff "failed to meet her burden" as to these three requirements. (*See* ECF No. 24 at 27.)

(ECF No. 32 at 6–9 (footnote omitted).)

    C. *Defendant's Motion for Reconsideration*

Defendant challenges this court's ruling, claiming that the Appeals Council "carefully consider[ed] the additional evidence" and then "'found that this [additional] information does not provide a basis for changing the Administrative Law Judge's decision.'" (ECF No. 34 at 3 (citations omitted).) Relying primarily on *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011), Defendant further asserts that the Appeals Council had no "duty of further articulation" upon

making its decision. (*Id.* at 3 ("The Appeals Council in *Meyer*, just like the Appeals Council in the present case, had no duty to 'do anything more than what it did in this case, i.e., consider new and material evidence. . . in deciding whether to grant review.'").) Defendant suggests that in reaching its decision on this issue, this court relied on caselaw that *Meyer* supersedes. (*Id.* at 3–4.) Finally, Defendant maintains that Dr. Bridwell's opinion is unsupported by other evidence of the record and that the ALJ's decision is supported by substantial evidence. (*Id.* at 4–6.)

In her Response, Plaintiff re-asserts her position the Appeals Council never considered the additional evidence because it incorrectly found that the evidence was about a later time after the ALJ's decision. (ECF No. 35 at 4.) For these reasons, she argues that this court's original Order was correct and that Defendant's Motion therefore should be denied. (*Id.*)

### D. The Court's Review

This court can alter or amend its judgment under Rule 59(e) of the Federal Rules of Civil Procedure if Defendant has shown either (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

At the outset, Defendant does not refer this court to any intervening change in the law nor any new evidence which was previously unavailable at the time of its decision on September 29, 2015 Order. Defendant's Motion to Alter Judgment thus appears to rest only on a theory that this court's decision must be amended or reversed in order to rectify a clear legal error or prevent manifest injustice.

This court declines to amend or alter its judgment on either of those grounds. In its Motion to Alter Judgment, Defendant reemphasizes that the Appeals Council determined that the additional information did not provide a basis for changing the ALJ's decision. (ECF No. 34 at

5

3.) Defendant further states that the Appeals Council made this determination "after carefully considering the additional evidence." (*Id.*) But it is not clear that any such consideration actually occurred in the first instance.[2] *See Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991) (recognizing a regulation-based "mandatory rule that the Appeals Council must consider new and material evidence relating to the period prior to the ALJ decision in determining whether to grant review, even though it may ultimately decline review").

Indeed, if anything, the evidence points toward the contrary, beginning with the Appeals Council's actual language. In its decision denying review of the ALJ's decision, the Appeals Council states that it "considered" the reasons Plaintiff disagreed with the ALJ decision and then later states that it "*also looked at* [the medical reports]" and determined that the report was not relevant to the decision of Plaintiff's disability in the matter. (ECF No. 14-2 at 6 (emphasis added).) In the Appeals Council's own language, it "looked at" the additional evidence. The Appeals Council simultaneously affirms, separately and explicitly, that it "considered" not the additional evidence, but rather the reasons Plaintiff disagreed with the ALJ decision. Thus, although the Appeals Council is not required to do so, it never even stated that it "considered" the additional evidence—even as the Appeals Council unequivocally did so with regard to the

---

[2] The extent to which Defendant believes that that Appeals Council considered the additional evidence is also not entirely clear. For example, in its Response in Opposition to Plaintiff's Objection to the Magistrate Report, Defendant concludes: "In its January 24, 2014 notice denying Plaintiff's request for review, the Appeals Council stated that it considered the additional evidence provided by Plaintiff in rendering its decision." (ECF No. 30 at 3 (citation omitted).) This court cannot find where the Appeals Council did so. Notwithstanding its conclusion that the Appeals Council stated that it considered the additional evidence, Defendant concludes that "because Dr. Bridwell's opinion was rendered well after the relevant period of Plaintiff's claim, it was not appropriate for Appeals Council consideration." (ECF No. 30 at 3, n.2.) Defendant also argues in its Memorandum in Support of the Commissioner's Decision that the additional evidence was not "new" or "material." (ECF No. 24 at 11–13.) This court finds it odd that on one hand, Defendant concludes that the Appeals Council stated that it considered the evidence, and on the other hand, Defendant argues that the consideration of the additional evidence was not "appropriate" and that it was not new or material.

reasons Plaintiff disagreed with the ALJ decision. This court joins others in finding it worth observing whether an Appeals Council states that it considered additional evidence, even if the Appeals Council ultimately denies review. *See, e.g*, *New v. Colvin*, No. 6:14–291–BHH, 2015 WL 5671789, at *3 (D.S.C. Sep. 25, 2015) (concluding that the new evidence in that case was "affirmatively considered" and specifically citing to where the Appeals Council averred in the record: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence . . . ."); *Edwards v. Comm'r, Soc. Sec. Admin.*, SAG–13–2543, 2014 WL 2095364, at *3 (D. Md. May 19, 2014) ("The [Appeals Council] decision specified that it had considered Dr. Wonodi's mental assessment . . . ."); *Snider v. Colvin*, No. 6:12–cv–00954, 2013 WL 4880158, at *5 (S.D.W.Va. Sept. 12, 2013) ("The Notice stated that the Appeals Council considered the newly-submitted medical evidence . . . .").

Moreover, as this court's original Order explained, (*see* ECF No. 32 at 6–9), "looking at" the report and erroneously determining its inapplicability based on the report's date, alone, does not equate to "consideration" of additional evidence, as *Wilkins* requires. *Wilkins*, 953 F.2d at 95–96. Rather, consideration of additional evidence is required *after* it has been determined that "the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Id.* (citation omitted). Again, it is not clear that the Appeals Council ever actually considered the evidence in concluding that Dr. Bridwell's report was dated after the ALJ decision.[3] Because of the Appeals Council's conclusion in this regard, combined with the fact that the Appeals Council never states that it considered the additional evidence, this

---

[3] Curiously, Defendant does not address this specific issue in its Motion to Alter Judgment (ECF No. 34). In fact, Defendant suggests that the Appeals Council should not consider the evidence since Defendant states that "because Dr. Bridwell's opinion was rendered well after the relevant period of Plaintiff's claim, it was not appropriate for Appeals Council consideration." (ECF No. 30 at 3, n.2.)

court finds that it cannot safely conclude that the Appeals Council ever actually determined that the additional evidence was "new" or "material" or that it actually denied review based on a consideration of the additional evidence.[4]

Defendant is certainly correct that the Court of Appeals for the Fourth Circuit has made it clear that there is no duty to articulate its rationale for denying review of an ALJ decision. *See Meyer*, 662 F.3d at 705–06 (concluding that "upon consideration" of new and material evidence, the Appeals Council may "simply deny the request for review"). Neither this court's original Order nor this court's discussion herein seeks to impose on Defendant such a duty in this matter.[5] Having no duty to "articulate [a] rationale for denying a request for review" does not

---

[4] Moreover, as Plaintiff notes, (*see* ECF No. 35 at 4), this court finds it peculiar that the additional evidence was not included in the administrative record, that which also raises questions about whether the Appeals Council considered the medical report. Here, the record shows that the Appeals Council received the following additional evidence that was made part of the record: 1) Exhibit 27E: Letter in support of Appeals Council Review dated August 2, 2013, and 2) Exhibit 28E: Letter from Claimant in support of Appeals Council Review. (ECF No. 14-2 at 6.) Exhibit 27E indicated that there were attachments in support of Plaintiff's Appeals Council claim: 1) "Response to Interrogatories dated June 24, 2013," and 2) "Clinical Assessment of Pain dated June 24, 2013." (ECF No. 14-6 at 106.) But neither the Magistrate Judge nor this court could locate where the Appeals Council actually included these attachments in the record. (*See* ECF No. 27 at 20, n.1.)

The medical report's absence from the administrative record also raises questions about the appropriate role of this court in reviewing the record to determine whether substantial evidence supports the ALJ's decision. (*See also infra* n. 6.) In *Wilkins*, for example, the court concluded that because the Appeals Council had "specifically incorporated" the new medical report into the administrative record, the court was required to "review the record as a whole . . . to determine whether substantial evidence supports the Secretary's findings." *Wilkins v. Secretary, Dep't. of Health and Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). In this matter, it does not appear that the new evidence was "specifically incorporated" in the record. The Magistrate Judge nonetheless reviewed the additional evidence, as provided by Plaintiff in an attachment to her briefing, and concluded that the ALJ's decision was supported by substantial evidence. (ECF No. 27 at 24.)

[5] Contrary to Defendant's suggestion otherwise, this court did not rely on *O'Connor v. Comm'r of Soc. Sec.*, 794 F. Supp. 2d 667, 670 (N.D.W.Va. 2011) to reach its conclusion to remand. (*See* ECF No. 34 at 3–4 (stating that this court cites to *O'Connor* to "state[] that remand is in order in the District of South Carolina when the Appeals Council does not give detailed reasons for why additional evidence does not warrant a change in the ALJ's decision").) Nor did it rely on that

mean, however, that Defendant is absolved of its duty to consider new and material evidence, and this court will not conflate the two. Furthermore, the Appeals Council not having a duty to articulate its rationale for denying review does not mean that the court is required to ignore whatever the Appeals Council does decide to articulate and other circumstances that bring into question whether it appropriately gave consideration to the additional evidence *before* that denial. In this matter, the circumstances under which review was denied, discussed *supra*, adequately raises doubt as to whether the Appeals Council ever considered the additional evidence.

Finally, this court agrees with Defendant's statement that "the question . . . is whether the ALJ's decision remains supported by substantial evidence in the record as a whole, even in light of the additional evidenced submitted to the Appeals Council." (ECF No. 34 at 4.) But this court finds that its appropriate role is to answer such a question after it is sufficiently clear that the Appeals Council, per its regulatory mandate, has given new and material evidence consideration; this court's determination of whether substantial evidence supports the ALJ's decision cannot replace that consideration.[6] *See Wilkins v. Sec'y, Dep't. of Health and Human*

---

case to contravene *Meyer*'s holding. Indeed, *O'Connor*, itself, reached the same conclusion as *Meyer*'s holding regarding the Appeals Council's responsibility to make findings upon denying review. *O'Connor*, 794 F. Supp. 2d at 671 ("This Judge will join his fellow judges in finding that detailed findings from the Appeals Council are not required . . . [T]he failure of the Appeals Council to make such findings does not, in itself, require a remand . . . ."). This court cited to *O'Connor* only for the general proposition that the District Court of South Carolina has remanded cases "when the Appeals Council provides insufficient explanations regarding additional evidence." (*See* ECF No. 32 at 8.) Similarly, this court finds appropriate remanding this case since the information accompanying the Appeals Council's denial of review raises significant doubt as to whether consideration of the new evidence ever took place *before* its decision to deny review—a decision which, this court agrees, does not require explanation.

[6] Further on this note, in *Careo v. Astrue*, Judge Cameron Currie of the District Court of South Carolina similarly observed that while the Appeals Council is not required to articulate its reasoning for denying review, "where the additional evidence claimant presented is both new and material, the Appeals Council's denial of review without any explanation or discussion creates a

*Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (determining *first* that the additional evidence was "properly considered" by the Appeals Council, and *then* concluding that *because* the additional evidence was "specifically incorporated . . . into the administrative record," it had to review the record as a whole to determine whether substantial evidence supported the Secretary's findings); *see also, e.g.*, *Brewes v. Astrue*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("We hold that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.") (emphasis added).

### III. CONCLUSION

This court declines to amend or alter its judgment in the original Order (ECF No. 32) because Defendant has not shown (1) an intervening change in the controlling law; (2) new

---

dilemma for the reviewing court." The court found that "when the Appeals Council denies review without explanation and the additional evidence presented by claimant is both new and material, remand may be required." *Careo v. Astrue*, C/A No. 6:10–1364–CMC–KFM, 2011 WL 3555710, at *3 (D.S.C. 2011). The court explained:

> The Appeals Council's denial of review both (1) incorporates claimant's additional evidence into the record and (2) renders the ALJ's decision the final decision of the Commissioner. *Wilkins*, 953 F.2d at 96; *see* C.F.R. § 404.981. The court must then determine whether the Commissioner's final decision applied the appropriate legal standard and is supported by substantial evidence based on a record which lacks any evaluation of the additional evidence because it was never before the ALJ and the Appeals Council provided no explanation for discounting it. As the court noted in *Harmon v. Apfel*, "the court is caught between trying to provide a meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ." 103 F. Supp. 2d 869, 872 (D.S.C. 2000).

*Id.* Though *Meyer* was still pending at the time of Judge Currie's decision, she declined to hold the case in abeyance, explaining that the specific issue before *Meyer* was *not* whether an Appeals Council is required to articulate a reason for failing to consider additional evidence when the evidence is new. *Id.* at n.5.

evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice.  *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).  The court maintains its conclusion that the Commissioner's decision denying Plaintiff's claim for DIB and SSI be reversed and that the case be remanded to the Commissioner for further proceedings.  Defendant's Motion to Alter Judgment (ECF No. 34) is **DENIED**.

   **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 14, 2016
Columbia, South Carolina